## CARPENTER & WIFE *vs.* HALL ET ALS.

1. Whether a bill is multifarious, or not, does not depend on the statements alone, but also on the prayer of the bill. Where, therefore, a bill, filed by two to recover a joint demand, contains likewise a statement of facts that would entitle one of them to a decree for a separate demand against the same defendant, the bill is not liable to a demurrer for multifariousness, unless relief is prayed as to the separate demand.

2. A bill which seeks relief against the same defendant for an equitable demand, and another distinct demand of purely legal cognizance, is not multifarious, although it prays relief as to both.

ERROR to the Chancery Court of Mobile. Tried before the Hon. J. W. Lesesne.

THE bill in this case was filed by Samuel A. Carpenter and his wife, the latter of whom was the daughter of Charles Hall, deceased, against the defendants in error, who are heirs at law of the deceased, and the executors of his supposed will. The bill charges that the instrument admitted to probate as the will of the deceased is not his will, and seeks to set it aside and have a discovery, account and distribution of his estate as of one who

had died intestate. The bill further charges that the estate owed the said Samuel A. Carpenter a debt, which was unsettled, and alleges that it will be necessary to ascertain and settle the amount of that debt; also that the defendants have embraced in the inventory of the estate certain slaves, which, as well as the profits derived from them, they claim as assets thereof, but that said slaves are in reality the property of the said Samuel A. Carpenter, and that they and the profits derived from them should be separated from the assets of the estate and not be taken into the distribution.

The prayer of the bill is—that the probate of the will be vacated and annulled, and the letters testamentary be revoked; that an account be taken of the assets, and of the debts of the estate and all payments made thereof, &c.

There is no prayer, founded on the allegations in the bill, touching the individual demands of Samuel A. Carpenter against the estate, nor the slaves mentioned in the bill. There was a demurrer to the bill for multifariousness, in uniting the claim for the distributive share of Mrs. Carpenter with that of Samuel A. Carpenter individually, which demurrer the court sustained. The sustaining of this demurrer is the error now assigned.

STEWART, for the plaintiffs in error.

CAMPBELL, for the defendants.

DARGAN, C. J.—If the object of this bill was to recover a distributive share of the estate of Charles Hall, deceased, to which the complainants allege they are entitled, and also, to recover an equitable demand due to Samuel A. Carpenter from the same estate, then the objection for multifariousness ought to prevail; for I do not think that any case can be found, where a bill has been allowed, which sought to recover a joint demand in favor of two, and also a separate demand in favor of one of the complainants, when the separate and joint demands were in no wise connected with each other.—Maud v. Acklom, 2 Sim. 331; Dew v. Clarke, 2 S. & Stu. 108—see also, Finley v. Harrison, 5 J. J. Marshall.

But whether a bill is multifarious or not, does not depend on the statements alone which it contains, but also upon the prayer for relief. For instance, if a bill was filed by two, to re-

cover a joint demand, and it also contained a statement of facts that would entitle one of the complainants to a separate demand against the same defendant, but no relief was prayed in regard to the separate demand, then the bill would not be liable to the objection of multifariousness.—Dick v. Dick, 1 Hogan, 290.

Testing the bill in the case before us by these rules, we think the chancellor erred in holding the bill to be multifarious, for no relief is prayed touching the debt and the two slaves, alleged to be the exclusive right of Carpenter, or to belong to him alone. But it is contended that Carpenter has a complete remedy at law to recover his individual claims. If this were so, and if equity could not afford him relief, because his individual claims against the estate were exclusively of legal cognizance, that would only be another reason to show that the bill is not multifarious; for if a bill sets forth one ground of equitable relief, and should also contain a statement, which would give another claim at law against the same defendant, but wholly disconnected with the equitable demand, then it is said the bill would not be multifarious, even if it prayed relief, as well in reference to the legal as the equitable demand.—Varick v. Smith, 5 Paige, 137. But inasmuch as no relief is prayed in regard to the separate demands of Carpenter, whether they be of legal or equitable cognizance, they cannot, from being stated merely, render the bill fatally defective. The court erred in dismissing the bill upon the demurrer, and the decree must be reversed and the cause remanded.