# Johnston *et al. v.* Little.

*Bill in Equity to establish and enforce Constructive Trust.*

1. *Trust and trustee; when fraud results in constructive trust.* In a transaction looking to the purchase of lands, where the relation existing between the parties purchasing said lands is confidential, neither of said parties can make a profit for himself at the expense of another of said parties by deceiving him as to the purchase price, and if by such deception, he acquires an interest in the property so purchased, he is guilty of a fraud upon the other party, and subjects himself to accountability in equity as upon a trust constructively raised for the benefit of the injured party.

2. *Bill in equity attacking transaction as fraudulent; proper parties thereto.*—Where a bill in equity is filed attacking a transaction as fraudulent, it is permissible to join as party defendant any person who was a party to the fraud against the complainant.

3. *Same; multifariousness.*—Where in a bill filed in the Chancery Court, the complainant's equity as against all the defendants rests primarily upon an alleged fraud practised upon him in the purchase of lands, and as against some of the defendants, the relief sought is the establishment of a constructive trust in the land, and its enforcement for the satisfaction of a single demand, such bill is not multifarious.

3. *Equity jurisdiction; when purely legal demand does not render bill multifarious.*—Where a bill is filed for an equitable purpose, and its averments show that it contains equity so far as it seeks to establish a constructive trust, the incorporation into such bill of a purely legal demand, does not render it multifarious.

4. *Equity jurisdiction; accounting; when remedy at law sufficient.* Where a bill is filed for the purpose of establishing and enforcing a constructive trust by reason of fraud practised by the parties defendant upon the complainant, in which they induced the complainant to pay all of the purchase price on the land, at the same time representing to him that they were

paying one-half of said purchase price, and the bill, in addition to the establishment of the trust, seeks an accounting for and a recovery of one-half the money so paid by the complainant, that part of the bill which seeks such an accounting and recovery of one-half the money, is subject to demurrer upon the ground that the complainant had a complete and adequate remedy at law for the recovery of said money.

APPEAL from the City Court of Birmingham in Equity.

Heard before the Hon. CHARLES W. FERGUSON.

The bill in this case was filed by the appellee, William H. Little, against R. D. Johnston and Lizzie Johnston, his wife, and Hugh M. Harton and Julia B. Harton, his wife. The purpose of the bill and such facts averred therein as are necessary to an understanding of the decision upon the present appeal, are sufficiently stated in the opinion. The prayer of the bill was as follows: " * * * that on the final hearing hereof a decree may be rendered declaring that the right acquired by the said H. M. Harton and R. D. Johnston were in breach of a trust reposed in them and of the confidential relations existing between orator and the said R. D. Johnston, and that the same enured to the benefit of orator; that the said Lizzie J. Johnston, and Lula B. Harton are mere volunteers, and that they acquired no rights as against the rights of orator, and that the title now vested in the said Lula B. Harton be divested out of her, the said Lula B. Harton, and vested in orator, or that the said Lizzie J. Johnston be decreed to be the trustee of your orator for the purchase money received by her from Lula B. Harton as the purchase price of said interest in said lands, with interest thereon to the date of the final decree in this cause, and that the same be referred to the clerk and register of this Honorable Court to ascertain the amount thereof received from the said Lula B. Harton by the said Lizzie J. Johnston; but if orator be not entitled to the relief hereinabove prayed that a decree be rendered requiring the said respondents to account to orator for one-half of the purchase money invested in said lands, together with the interest thereon from the date of payment and for such other and further

and general relief as in equity and good conscience your orator shall be entitled to." The respondent filed a joint demurrer to the bill in which they assigned as ground therefor that the bill was multifarious in that it sought out relief against the different defendants; that said bill was filed in a double aspect against two or more of the defendants, and relief could not be granted under any aspect to the bill against all of the defendants; that the bill sought one character of relief against some of the defendants, and in the alternative a separate and distinct relief against other of the defendants. Each of the defendants also filed separate demurrers to the bill assigning as grounds of each separate demurrer, substantially the same grounds that were assigned in the joint demurrer, and each of the defendants separately demurred to that part of the bill which seeks an accounting as between the complainant and each respondent, upon the grounds that the bill fails to show any complexity in the account such as requires the aid of a court of equity, and because it appears from the bill that the complainant has a complete and adequate remedy at law for the recovery of the amount claimed. Each of the respondents also filed a separate motion to dismiss the bill for the want of equity.

On the submission of the cause upon the motions to dismiss for the want of equity and the demurrers, there was a decree rendered overruling each of the demurrers and each of the motions to dismiss. From this decree the present appeal is prosecuted, and the rendition of the said decree is assigned as error.

BANKS & SELHEIMER, for appellants.—The principal ground of demurrer as to some of the respondents is that the allegations of the bill upon which is based complainant's right to relief are in the alternative, and both alternatives do not entitle complainant to the same, or, in fact, to any, relief. "The cardinal requirement with respect to bills filed in the alternative is, that each alternative must entitle the complainant to precisely the same relief, in kind if not in degree; so that, if the bill be confessed, the court in decreeing the relief prayed

for on one state of facts, would also respond and grant relief appropriate to the alternative state of facts." *Glore Iron Roofing, etc., Co. v. Thatcher,* 87 Ala. 464; *Micou v. Ashurst,* 55 Ala. 612; *Gordon v. Ross,* 63 Ala. 365; *Moog v. Talcott,* 72 Ala. 210.

A. LATADY and FRANK S. WHITE & SONS, *contra.*—The bill was not multifarious. "It is certainly permissible for a complainant to aver in his bill that one or other of two alternative statements is true."—*Rives v. Walthall,* 38 Ala. 332. Exactly this point was decided in the case of *Kelly v. Browning,* 113 Ala. 420.

"Where the complainant doubts his title to the relief he wishes to pray, *the bill should be framed in the double aspect* (or alternative), so that, if the court should decide against him in one view of the case, it may yet afford him assistance in another."—Story's Eq. Plead. par. 42; Daniell's Chancery Plead. & Prac. (Petkin's ed.) p. 387; *Strange v. Watson,* 11 Ala. 342; *Stein v Robertson,* 30 Ala. 286. "Where the case made by the bill may entitle the complainant to one of two kinds of relief sought, but not both, the prayer should be in the alternative."—*Colton v. Ross,* 2 Paige (N. Y.) 396; see also *Rapier v. Gulf City Paper Co.,* 69 Ala. 476.

(3.) Though a prayer of a bill seeks at the same time relief which a court of equity could not give and another kind of relief of purely legal cognizance, the bill is nevertheless not demurrable for that. —*Carpenter v. Hall,* 18 Ala. 439; *Morris v. Morris,* 58 Ala. 443; *Baines v Barnes,* 64 Ala. 375; *Yarborough v. Avant,* 66 Ala. 526.

SHARPE, J.—As alleged in the bill the facts material to be considered on this appeal are substantially these: Complainant and the defendants, R. D. Johnston and H. M. Harton, agreed that through Harton a tract of land belonging to Hawkins and others should be bought by complainant and Johnston, each of whom was to have half interest in the land and to pay twenty-five dollars per acre for his interest, making fifty dollars per acre for the whole, which price Johnston and Harton had told complainant and induced him to be-

[Johnston *et al.* v. Little.]

lieve was the least at which the land could be bought. Complainant through Harton paid according to that agreement and by procurement of Johnston and Harton, the vendors, by a deed reciting a consideration equal to fifty dollars per acre conveyed the whole land to another person as trustee and the trustee conveyed the title to complainant and defendant Lizzie J. Johnston, who was the wife of R. D. Johnston, who thereafter, by a deed reciting a monied consideration, conveyed her interest to defendant, Lula B. Harton, wife of H. M. Harton. The price at which the land was bought from Hawkins and others did not exceed twenty-five dollars per acre and the money complainant invested paid for the entire land, neither R. D. or Lizzie J. Johnston having paid anything for the half interest conveyed to the latter.

The bill in effect charges that R. D. Johnston and H. M. Harton conspired to and did deceive him by their misrepresentations as to the price of the land to the end of acquiring a half interest therein without paying for it and that knowledge of this came to him within a month before suit was brought. It also in effect alleges in the alternative that Lula B. Harton paid nothing for the interest conveyed to her, or that she is chargeable with notice of the fraud, or that in furtherance of a fraud she took the same for the benefit of H. M. Harton, or that the consideration paid by him to Lizzie J. Johnston equitably belongs to complainant, and the prayer is that complainant be invested with the title of Lula B. Harton, or that Lizzie J. Johnston be held to account to him for the purchase money received by her, or that the defendants be held to account to him for half the purchase money invested in the land.

The court did not err in refusing to dismiss the bill. By the agreement to purchase, there was established as between complainant and H. M. Harton the relation of principal and agent, and as between complainant and R. D. Johnston a relation analagous to that which exists between partners. These relations were each confidential, and being so, each party to the agreement was by law and equity forbidden to make a profit for himself

[Johnston *et al.* v. Little.]

at the expense of another of the parties by deceiving him as to the purchase price.—*King v. White,* 119 Ala. 429; *Wheeler v. Sage,* 1 Wall. 518; *Short v. Stevenson,* 63 Penn. St. 95; *Page v. Parker,* 43 N. H. 363. The acquisition of property in this way by a party standing in such relation is an act of fraud, and subjects the guilty party not only to an action at law but to accountability in equity as upon a trust constructively raised for the benefit of the injured party.—Perry on Trusts, § 166; Pomeroy's Eq. § 1044; Bispham's Eq. § 235; *Wheeler v. Sage, supra.*

For the establishment and enforcement of such a trust this bill has equity. "A motion to dismiss for want of equity, is not the equivalent of a demurrer; nor is it sufficient to reach mere defects or insufficiencies curable by amendment."—*Seals v. Robinson,* 75 Ala. 363.

To the rule which in general prohibits the joinder of parties having no interest in the suit there is an exception, which in a suit attacking a transaction as fraudulent renders permissible the joinder as defendant of a party to the fraud, and by the averments of the bill, independent of those which seek to charge him personally, R. D. Johnston is brought within this exception.—See Story's Eq. Pl. § 232; Daniell's Eq. Pl. & Pr. p. 298; *Robinson v. Davis,* 11 N. J. Eq. 302; *Miller v. Jamison,* 24 N. J. Eq. 41.

Complainant's equity as against all the defendants rests primarily upon the same ground, viz: the alleged fraud practiced upon him in the purchase of the land. As against Mrs. Harton and Mrs. Johnston the relief sought is of the same kind, viz: the establishment of a constructive trust in the land or its proceeds, and its enforcement for the satisfaction of a single demand. Being thus connected in ground of equity and in purpose, the bill is saved from multifariousness and other objections raised by the several demurrers to the bill as a whole.

Such right as complainant may have to recover for half the money invested by him in the land depends not upon the existence of any trust, or other equitable

[Jones *et al.* v. Nashville, Chattanooga & St. Louis Ry.]

ground, but exists, if at all, at law. The incorporation into a bill of a purely legal demand does not make it multifariousness.—*Yarborough, Admr. v. Arant,* 66 Ala. 526; *Baines v. Barnes,* 64 Ala. 375; *Morris v. Morris,* 58 Ala. 443; *Carpenter v. Hall,* 18 Ala. 439.

That part of the bill which seeks an accounting for and a recovery of half the money so invested was subject to the demurrers thereto interposed, and the decree in so far as it overruled those demurrers must be reversed, and a decree will be here rendered sustaining said demurrers. In all other respects the decree will be affirmed.

Let three-fourths of the cost of appeal be taxed against appellants, and the remainder thereof against the appellee.