(119 So. 643)

## VAFES v. STRITIKUS et ux. (6 Div. 977.)

Supreme Court of Alabama. Nov. 8, 1928.

Rehearing Denied Jan. 31, 1929.

John C. Arnold and Drennen & Burns, all of Birmingham, and Thos. E. Knight, Jr., of Greensboro, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, and Sanders & Sanders, of Ensley, for appellees.

BOULDIN, J. The bill is to declare and enforce a resulting or constructive trust in lands. The theory of the bill is that complainant, Dr. A. L. Vafes, was a joint purchaser and contributed one-half the purchase money, but that, unknown to him, the title was taken in the name of Prisena Stritikus, wife of George Stritikus, the copurchaser.

Complainant seeks to assert a beneficial ownership of one-half interest, and have the property sold for division subject to a mortgage given with complainant's consent.

Respondents deny the equity of the bill; claim that Prisena Stritikus bought the property without participation of complainant; that any financial dealings between her husband and complainant related to other matters.

The cause was heard upon the oral testimony of witnesses before the trial judge, who denied relief to complainant.

That such finding has all the presumptions indulged in favor of the verdict of a jury is well settled.

Appellant, not questioning this rule, insists that, notwithstanding the trial judge saw and heard the witnesses, still the decree is so opposed to the clear weight of the evidence, it should be here overturned as palpably wrong and unjust.

We have studied the record with great care. We are unable to agree with complainant. A review of the entire evidence would extend this opinion to great length and accomplish no good end.

A few matters will be mentioned as important in presenting records to this court seeking a review of the finding of facts.

A series of checks given by complainant were offered as evidence that he had contributed to the payment of the purchase

660

money. Some of these checks had notations on them to that effect.

A question.was raised as to whether such notations were made at the time the checks were issued or after they were returned from the bank. The cross-examination of complainant disclosed some difference in the ink used, with his explanation thereof. The trial judge had before him these checks with numerous samples of complainant's handwriting. They are not before us. Under these conditions we must indulge against appellant all presumptions which may result from any finding the court may have made on this question. If these notations were not made when the checks were issued, as testified to by complainant, this fact reacts on the entire case of complainant.

Complainant's contention was to the effect that a lease sale contract was to be taken in the joint names of the purchasers; that instead a deed was taken to the wife, and all this was kept concealed from him from 1917 to 1926.

Respondents offered a lease sale contract to part of the property·made by Prisena Stritikus to George Stritikus in 1921, whereon the name of complainant appeared as a subscribing witness. His signature was disputed.

The trial court had this signature before him with many others for comparison. .We have none of these. Any finding made on this issue by the trial judge must be taken as correct, and we must give it such probative force on the whole case as it should have in dealing with his decree.

Another paper was a carbon copy of a sworn certificate from George Stritikus, of date May 10, 1922, wherein George Stritikus certified that complainant had loaned him moneys aggregating $1,000, for which he had given no promissory note or other evidence, and that when he was able to do so he would pay complainant. Respondents claim this paper was dictated by complainant, and that George Stritikus signea and swore to it at complainant's request.

Passing over any variance between the testimony of Dr. Vafes and Mrs. Vafes as to this paper, both agree that it came·to hand. It is claimed to have been voluntarily tendered by George Stritikus and rejected with a demand for a showing as to joint ownership. If we accept complainant's view, it put him on notice of its contents; notice of a claim of personal indebtedness merely, accompanied by continued evasions of complainant's demand to see the lease sale contract. Still, complainant claims to have put implicit trust ·in George and to have thereafter advanced moneys from year to year to meet the deferred installments of purchase money, or loans obtained for the purpose, preserving no checks or receipts, nor even an account, of such moneys.

Concealment. and deceit as to the original papers, representations that no deed had been made, and the like, are of the essence of the charge. Admittedly the deed to the property was on record from the beginning; record evidence made by the respondents which would at once disclose the alleged deceit and fraud. Mortgages were also given on the property,' and from the proceeds the balance of the purchase money was paid off and extensive improvements made on the property. These mortgages were of record.

█ The issue was purely one of .fact, the burden being on complainant.

His case was supported directly or indirectly by numerous witnesses.

Respondents' evidence was in direct denial of complainant's demand. No documentary evidence of the alleged initial payment, nor of any other payment of purchase money, was forthcoming save the notations on checks whose genuineness was in dispute, an issue not so presented as to be here reviewed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.