126 So.2d 469

**B. N. IVEY, as Adm'r,**

**v.**

**Jewell WIGGINS, as Adm'x.**

**I Div. 768.**

Supreme Court of Alabama.

Jan. 26, 1961.

N. S. Hare and John D. Bonham, Monroeville, for appellant.

B. E. Jones and R. L. Jones, Monroeville, for appellee.

COLEMAN, Justice.

This is an appeal by plaintiff from a judgment of voluntary nonsuit induced by rulings on pleadings in an action for wrongful death of plaintiff's intestate which resulted from an automobile collision.

The complaint charges that defendant's intestate, Spencer Tatum, caused an automobile he was driving to collide with an automobile in which plaintiff's intestate was riding. Count 1 charges negligence and Count 2 wanton misconduct by Tatum.

Defendant filed pleas 1 through 10 in answer to the complaint. Pleas 1 through 5 are pleas of the general issue and contributory negligence. The court sustained demurrer to pleas 7 and 10. The court overruled plaintiff's demurrer to pleas 6, 8, and 9, and this ruling is assigned as error.

Plaintiff filed replication to pleas 6, 8, and 9. The court sustained defendant's demurrer to the replication and this ruling also is assigned as error.

Plea 6 alleges that in the same court where the instant action was brought, the same plaintiff had previously brought an action for the wrongful death of his intestate against James H. Burns and L. L. Roth, doing business as Tri-Motor and Implement Company, who will be referred to in this opinion as Tri-Motor. A copy of the prior complaint is made an exhibit to plea 6, which further asserts that the complaint against Tri-Motor alleged that Tatum was a servant, agent, or employee of Tri-Motor and was acting within the line and scope of his authority as such servant at the time the automobile collision occurred; that Tatum, if living, would have been a proper party in the prior action; that said prior action claimed damages for the same collision involved in the present case; that the basis for the prior action is the same as for the instant action and the prior action is the same as the present action except that the prior action was against Tri-Motor as employers of Tatum; that "The issues in said two cases are the same, the accident or collision, the basis of said two suits, is the same, the facts are the same, and the testimony would be practically identical;" that Tri-Motor filed a plea of the general issue, "together with the right to give in evidence any other matters which would be a defense to said suit;" that on the trial of the prior action the jury found a general verdict for Tri-Motor; that the court rendered a judgment for Tri-Motor on said verdict, that no appeal was taken from said judgment and it stands as the judgment of the court in said cause; "that all the issues involved in the present suit were settled in said prior suit, the only difference being that the plaintiff failed against" Tri-Motor, "who were alleged to be employers of" Tatum, and plaintiff is now bringing a suit for the same injuries against defendant as administratrix of Tatum, "thereby attempting to split up into two suits the same cause of action;" and that the instant action "is barred under the doctrine of res judicata."

Plea 8 is the same as plea 6 except that plea 8 concludes with the assertion that the pleadings in the prior action, "so far as the plaintiff is concerned," were based on the allegation that Tatum was the servant, agent, or employee of Tri-Motor, "and plaintiff is now estopped to deny that such agency existed;" that it was determined that Tri-Motor were not liable and the prior judgment "is res judicata in this proceeding."

Plea 9 is also the same as plea 6 except that plea 9 concludes that plaintiff had an election to sue the employer or the instant defendant, and, having elected to sue the employer, plaintiff is estopped from maintaining the instant action.

The replication asserts that in the prior action the issue of agency was a material issue but is not so in the instant case; that to have recovered in the prior action plaintiff was required to prove that Tatum was the servant of Tri-Motor; that in the prior action Tri-Motor denied all material allegations of the complaint including the allegation that Tatum was the servant or agent of Tri-Motor and acting within the line and scope of his employment when he did the act complained of; that Tri-Motor never admitted that Tatum was acting as such agent or servant and that Tri-Motor denied that Tatum was acting as such agent on the occasion complained of; and that the court, in the prior trial, at the request of Tri-Motor, instructed the jury in writing that unless the jury were reasonably satisfied from the evidence that Tatum was, at the time complained of, acting within his authority as a servant, agent, or employee of Tri-Motor, plaintiff could not recover. Such written charges alleged to have been given in the prior action at the request of Tri-Motor are made exhibits to the replication.

The substantial question on this appeal is whether or not the allegations in the pleas show that the judgment for Tri-Motor and against plaintiff is res adjudicata so as to bar the claim plaintiff here asserts against this defendant.

■ Broadly stated, the general rule is that to sustain a plea of this character, res

adjudicata or estoppel by judgment, the parties must be the same, the subject matter the same, the point must be directly in question, and the judgment must be rendered on that point. Interstate Electric Company v. Fidelity & Deposit Company, 228 Ala. 210, 153 So. 427.

Appellant's argument is directed principally to the proposition that pleas 6, 8, and 9 fail to show an identity of issues, that is, that the judgment in favor of Tri-Motor was rendered on the identical issue presented in the instant case and solely on that issue. The lack of identity of defendants in the two cases and lack of mutuality of interest is also argued, but we are of opinion that the lack of identity of issues controls the decision on this appeal.

We note that in a tort action brought against master and servant jointly, judgment in favor of the master and against the servant was affirmed by this court. Lee v. Diamond, 234 Ala. 175, 174 So. 309. See also Downes v. Norrell, 261 Ala. 430, 74 So.2d 593.

■ This court has also held that recovery of judgment against the master did not bar an action against the servant in the absence of a showing that the plaintiff had accepted the proceeds of the action against the master. Huey v. Dykes, 203 Ala. 231, 82 So. 481.

Griffin v. Bozeman, 234 Ala. 136, 173 So. 857, illustrates the point as to lack of identity of issues. In that case plaintiff sued Griffin and his partner for trespass to land by cutting timber thereon. Griffin moved to dismiss the action on the ground that plaintiff had failed to pay the costs in a prior suit against Bolinger wherein judgment had been rendered in favor of the defendant, Bolinger, in an action for cutting the same trees. The motion to dismiss was denied and that ruling was assigned as error.

The defendant in the second suit, Griffin, filed also pleas of res adjudicata based on the same prior judgment for Bolinger, but the rulings on the pleas were not reviewed because of lack of a sufficient judgment sustaining the demurrer to the pleas. The opinion states, however, that the pleas serve to illustrate the motion to dismiss, and that if the judgment in favor of Bolinger operated to the benefit of Griffin, then Griffin had a right, as a privy of Bolinger, to the benefit of § 7222, Code 1923; § 66, Title 11, Code 1940; which provides for dismissal for failure to pay costs of prior action.

It appears that whatever right Griffin had to cut the timber was conveyed to or conferred upon Griffin by Bolinger, that Griffin did the actual cutting of the timber, that if Bolinger was liable it was because he participated in the cutting or directed Griffin to do it, and that if Bolinger had a right to cut the timber then Griffin had the same right and justification of Bolinger on the ground of his right would also be justification of Griffin. In order for the judgment in favor of Bolinger to exonerate Griffin, however, the judgment for Bolinger must have been based on the ground that there was no trespass committed on plaintiff's land, rather than on the ground that Bolinger did not participate in the trespass.

This court concluded that the motion to dismiss alleged that the action against Bolinger was submitted to the jury on the question of whether the location of the boundary line showed that the plaintiff, Bozeman, owned the land where the timber was cut, and that the jury returned a verdict for Bolinger on that issue. In other words, the allegations of the motion were sufficient to show that the prior action against Bolinger had been decided in his favor on the merits, that is, on an issue the same as the issue in the case against Griffin, and, therefore, the prior judgment for Bolinger barred the action against Griffin for the same trespass. The pleading was sufficient to give Griffin the benefit of the prior judgment.

The proof on the motion, however, was not sufficient to sustain the pleading. The proof failed to show what the issues were

in the action against Bolinger, "or that the sole question there tried and determined was the location of the boundary line or the adverse possession of Bolinger." The judgment for Bolinger, so far as the proof showed, may have been based on the ground that he did not participate in the trespass, and a judgment for Bolinger on that ground would not bar the subsequent action against Griffin. The decision of this court was that the judgment denying the motion to dismiss for failure to pay costs could not be reversed "because of insufficiency of proof" of the allegations of that motion.

In Griffin v. Bozeman, the failure to show identity of issues occurred in the proof. In the case at bar, the failure to show identity of issues occurs in the pleading.

Pleas 6, 8, and 9 aver that the complaint against Tri-Motor alleged that Tatum was the servant of Tri-Motor, but we do not find in the pleas an unequivocal assertion that Tatum was in fact such servant. If such allegation did appear, however, it would not change the result.

As to identity of issues, the pleas do allege by way of conclusion that the issues in the action against Tri-Motor are the same as the issues in the instant case. However, the complaint against Tri-Motor, which is an exhibit to the pleas, contains the allegation that Tatum was the servant of Tri-Motor, and the plea of the general issue with leave certainly put in issue that allegation. An exhibit made the basis of a cause of action or defense and contradicting the averments of the pleading of which it is made a part will control such pleading. Tan-Kar Oil Company v. Danley, 240 Ala. 205, 198 So. 238. As a consequence, the pleas fail to show that the sole issue tried and determined in the action against Tri-Motor was whether or not Tatum had done the negligent or wanton act which proximately caused the death of plaintiff's intestate. The commission of such wrongful act by Tatum is the issue presented by the complaint in the case at bar. If that issue was not tried and de-termined in the prior action, then judgment in the prior action is not an adjudication of that issue, which is also the issue in the instant action. Moreover, as indicated in Griffin v. Bozeman, supra, the prior judgment, to be a bar, must have been based solely on the same issue. Judgment for Tri-Motor may have been, for aught that appears in the pleas, based on a finding that Tatum was not the servant of Tri-Motor. If so, that judgment is not res adjudicata here, because the issue of Tatum's agency is not material in the instant case. It follows that demurrer to pleas 6, 8, and 9 should have been sustained.

We hold that where it is not clearly shown that the judgment for the master was based solely on the issue of whether or not the servant had committed the wrongful act proximately causing plaintiff's injury, the judgment acquitting the master does not bar a subsequent action against the servant for the same injury. Whether a judgment for the master based solely on a trial of the issue of the servant's commission of such wrongful act would bar a subsequent action against the servant we do not decide because that is not the case presented by pleas 6, 8, or 9. In that connection, see Myers' Adm'x v. Brown, 250 Ky. 64, 61 S.W.2d 1052.

The authorities cited by appellee have been carefully examined. We do not think they conflict with our decision here. In Emery v. Fowler, 39 Me. 326, 63 Am.Dec. 627, the master admitted in the prior action that defendant in the subsequent action was the servant of the master. In Chicago & Rock Island Railroad Co. v. Hutchins, 34 Ill. 108, the holding that the engine driver was under a duty to ring the bell rests on the assumption that he was employed by the railroad company. The holding in McNamara v. Chapman, 81 N.H. 169, 123 A. 229, 31 A.L.R. 188, appears to be directly in conflict with Huey v. Dykes, supra, but even so, the master-servant relationship between the two defendants is assumed to exist because they are held to be identical for that reason. The court said:

" * * *. It may be that if the result of the former suit had been a judgment for the defendant upon the ground that identity was not shown, the plaintiff could have avoided being charged with having elected, because he had mistaken the facts as to identity. * * *." 81 N.H. 169, 175, 123 A. 229, 232, 31 A.L.R. 188, 192.

Raymond v. Capobianco, 107 Vt. 295, 178 A. 896, 98 A.L.R. 1051, likewise assumes that the two defendants were master and servant.

Appellee argues that because plaintiff had alleged in the complaint against Tri-Motor that Tatum was the servant of Tri-Motor, plaintiff is now estopped to deny that Tatum was such servant, under the doctrine that a party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, is estopped to assume a position inconsistent therewith, to the prejudice of the adverse party. Brown v. French, 159 Ala. 645, 49 So. 255. Without deciding that plaintiff cannot in the action against Tatum's administratrix take a position inconsistent with that taken in the action against a different party, Tri-Motor, we fail to see that plaintiff has taken an inconsistent position. In the action against Tri-Motor, plaintiff asserted that Tatum was the servant of Tri-Motor. We do not see where plaintiff has denied that assertion in the instant action. Since there is no inconsistency, there is no estoppel.

From what has been said with respect to the pleas, it is apparent that we are of opinion that the replication shows that the issues in the action against Tri-Motor were not the same as the issues in the instant action. Laying aside any objection to the replication based on the ground that the matters alleged therein could be shown under a general denial of the pleas, which objection was not raised by the demurrer and is not argued before us, we are of opinion that the replication was not subject to the objection that it failed to answer the pleas, and that the demurrer on that ground should have been overruled.

For error in overruling demurrer to pleas 6, 8, and 9 and error in sustaining demurrer to the replication, the judgment is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.