235 So.2d 802

**Howard G. SIMS**

v.

**George L. REINERT et al.**

**6 Div. 749.**

Supreme Court of Alabama.

May 28, 1970.

Morel Montgomery, Birmingham, for appellees.

MADDOX, Justice.

The appellant, as administrator of the estate of one Celia C. Morris, filed this action seeking to set aside a deed executed by Mrs. Morris and seeking to recover certain funds allegedly belonging to her estate.

The evidence, taken nearly all ore tenus, tended to show that Celia Morris was born December 30, 1880. In 1963, when she was 82 years old and having some medical problems, she became dependent upon her brother, William Sims, who lived in Bessemer, and her sister, Anne Reinert (late wife of the appellee George Reinert), who lived about a block and one-half away from her in Birmingham. Mrs. Morris was particularly close to, and dependent upon, Mrs. Reinert, and the evidence shows that Mrs. Reinert visited her often and handled other matters for her such as taking her to the doctor and getting her situated in a nursing home and making application for welfare assistance.

In September, 1963, Mrs. Morris owned her home in Birmingham and had savings accounts in two banks. One of the accounts was in her and her brother's name in the First Federal Savings and Loan Association in Bessemer and had a balance of $9,930.17. The other account was in her and her sister's name in the First Federal Savings and Loan Association of Birmingham and had a balance of approximately $10,000.

On September 7, 1963, Mrs. Morris' brother died suddenly, and the account in the Bessemer bank was transferred to an

Tommy E. Hill, and Gordon & Cleveland, Birmingham, for appellant.

account in the same bank in the names of her and her sister, Mrs. Reinert. On October 1, 1963, a deed was executed by Mrs. Morris which conveyed her home to Mrs. Reinert, but Mrs. Morris continued to live in the home until she was placed in a nursing home in August of 1965.

In September of 1964 while Mrs. Morris was in the hospital receiving treatment for a broken leg, Mrs. Reinert had all the funds in the Birmingham bank transferred to an account in her own name. Hospital records indicated that Mrs. Reinert had agreed to be responsible for the hospital bill and that Mrs. Reinert did pay Mrs. Morris' hospital bill. In February of 1965 the funds in the Bessemer bank were also transferred to an account in Mrs. Reinert's name only. After these transfers, Mrs. Reinert continued to make withdrawals for Mrs. Morris' use. Mrs. Reinert also applied for—and Mrs. Morris received—welfare assistance and social security which paid all of the nursing home care except $15.30 per month, which Mrs. Reinert paid.

Mrs. Reinert predeceased Mrs. Morris by approximately six months and George Reinert (appellee here) continued to handle Mrs. Morris' affairs in much the same manner as had his wife during her lifetime.

In his suit against Reinert, the administrator prayed for an accounting of the funds which Reinert received from his late wife and also asked that the deed executed by Mrs. Morris be set aside. Complainant claimed that the respondent and his wife held the money in the bank accounts in trust for the use and benefit of Mrs. Morris, who the complainant alleged was old, ill, senile and of unsound mind. Regarding the deed, complainant said that it should be cancelled on the grounds that:

(1) no consideration was paid; and

(2) the conveyance was made to the grantee to permit the grantee to deal with the State of Alabama, which was threatening condemnation of a portion of the property, on behalf of Mrs. Morris and for her benefit.

In sum, complainant alleged that Mrs. Morris reposed confidence and trust in her sister and made transfers of personal and real property to her in order that her sister could take care of her business and personal affairs and that the sister took advantage of the relationship and appropriated the funds and property for her own use and benefit. Of course, the respondent denied these allegations and sought to show that Mrs. Morris knew what she was doing and that Mrs. Reinert was a companion and helper to Mrs. Morris during her last illness and that the transfers were not the result of undue influence, and no constructive trust resulted.

At the conclusion of the testimony, the Chancellor simply found "from a consideration of all the evidence, that Complainant has failed to make proof necessary to entitle him to the relief prayed." The bill was dismissed.

The action of the court in its decree finding that the complainant had failed to make proof necessary to entitle him to relief and then dismissing the bill is assigned as error, the argument being that the trial court should have impressed a constructive trust upon the property and money of Mrs. Morris which Mrs. Reinert allegedly obtained by undue influence, fraud, and by taking advantage of her sister's weakness or through other similar means or circumstances.

 Unquestionably, Chancery can compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs. This principle is recognized in our cases of Putnam v. Putnam, 274 Ala. 472, 150 So.2d 209 (1963) and Cherpes v. Cherpes, 279 Ala. 346, 185 So.2d 137 (1966). Appellant claims these cases are controlling here and that the trial court should have found that a constructive trust was established. The issue of whether or not a constructive trust results is one of fact, the burden being on the complainant. Vafes v. Stritikus, 218 Ala. 659, 119 So. 643 (1929). Furthermore, a constructive trust is a creature of

equity, and every presumption will be in-dulged in favor of the findings of the Chancellor before whom the evidence was nearly all ore tenus and his findings will not be disturbed unless palpably wrong. In Cherpes v. Cherpes, supra, we said that a court of equity in decreeing a constructive trust is bound by no unyielding formula and that the equity of the transaction must shape the measure of relief, thus affording a court of equity wide powers to do what it thinks right and just.

The trial court made no specific findings of fact other than the general finding that the complainant had failed to make proof necessary to show he was enti-tled to the relief sought. We will assume that the trial court made those findings which will justify the decree rendered. Dockery v. Hamner, 281 Ala. 343, 202 So. 2d 550 (1967). We do not think the court's findings of fact are palpably wrong or that the Chancellor abused the wide powers he enjoyed to do what he thought right and just. His judgment is therefore due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL, and HARWOOD, JJ., concur.