255 So.2d 25

Charles CRANE and James Crane

v.

**HOUCK DEVELOPMENT CORPORATION,** a Corp. and Magic Tunnel Car Wash Equipment Company, Inc., a Corp.

6 Div. 825.

Supreme Court of Alabama.

Nov. 24, 1971.

Johnston & Shores and Gary P. Smith, Birmingham, for appellants.

**684**

Griffin & Wilson, Birmingham, for appellees.

HARWOOD, Justice.

In the proceedings below the appellants, who were the complainants below, filed a bill seeking to cancel, because of fraud in the execution, a lease on certain real estate made between the appellants and respondent-appellee, Houck Development Corporation, and also to cancel a lease of car washing equipment, which equipment was to be built by respondent-appellee Magic Tunnel Car Wash Equipment Company, Incorporated, and leased to the appellants, and to be installed in the premises leased by Houck. The appellants also sought the return of $15,000 paid Magic Tunnel as a deposit upon the execution of the lease for the car wash equipment, which lease was for a period of fifteen years on a monthly rental of $1,104.00 per month.

The appellees each filed an answer denying any fraud in the execution of the respective leases, and sought by cross bills the recovery of rents which they alleged were due upon the respective leases from 7 June 1969, the date of the execution of the leases, to 16 October 1969, when the leases were cancelled by agreement of the parties.

After an extensive hearing, the Chancellor entered a decree in which he found that the complainants-appellants had failed to sustain their burden of proof necessary to entitle them to the relief prayed for in their bill of complaint, and ordered the bill dismissed with prejudice.

The Chancellor further found that Houck and Magic Tunnel had failed to sustain their burdens of proof neecssary to entitle them to the relief prayed for in their respective cross bills and ordered that each cross bill be dismissed with prejudice.

The complainants below have perfected their appeal from the decree. The respondents below did not appeal.

The thrust of the argument of appellants' counsel is that this decree cannot stand because of inconsistency. This inconsistency arises, as we interpret counsel's argument, from the fact that since appellants offered no other defense than fraud on the part of appellees to appellees' cross bills seeking recovery of rents, the Chancellor's decree finding no rents were due is tantamount to finding that appellees were guilty of fraud.

Insofar as the fraud issue was concerned, the appellees presented considerable evidence tending to negate the existence of fraud in the execution of the leases. We cannot see that such negative proof disputing the existence of fraud can be deemed to supply positive proof of fraud, which burden of proof was upon the appellants, and was not met to the satisfaction of the Chancellor.

The appellees have not appealed from the decree entered as to their claim for rents due as claimed under their cross bills. There is therefore nothing before us in this regard and we see no reason to engage in speculation as to this result. We can see no basis for appellants to complain because they were not struck a heavier blow.

Having found that the appellants had failed to sustain their burden of proof necessary to entitle them to the relief prayed for in their bill, and thereupon dismissing

the bill, the Chancellor properly dismissed the cross bills of appellees.

This for the reason that the cross bills contained no independent equity, but sought only the recovery of rents, a matter cognizable at law. The well established rule is stated in Tilley's Alabama Equity Pleading and Practice, Section 114, as follows:

"When the original bill is dismissed, the cross bill goes out with it unless the relief it seeks grows out of the main controversy and has independent equity."

While Tilley cites only Maya Corp. v. Smith, 240 Ala. 371, 199 So. 549, in support of the textual statement above quoted, among other cases enunciating this rule are Dickinson v. Bradford, 59 Ala. 581; Yauger v. Taylor, 218 Ala. 235, 118 So. 271; and City of Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606, wherein are cited a large number of our cases supportive of the rule as stated by Tilley.

Under the above rule the decree of the Chancellor cannot be deemed inconsistent.

Affirmed

HEFLIN, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.