290 So.2d 650

**Brady C. RHYNE,**

v.

**Robert F. MARTIN.**

**SC 228.**

Supreme Court of Alabama.

Feb. 28, 1974.

164

J. C. Norton, Selma, for appellee.

J. Garrison Thompson, McLean Pitts, Selma, James W. Garrett, Montgomery, for appellant.

McCALL, Justice.

The respondent, Brady C. Rhyne, appeals from an adverse final decree rendered in favor of the appellee, Robert F. Martin, the complainant below. This case arose prior to the effective date of the Alabama Rules of Civil Procedure. (See Rule 2, among other rules, including Committee Comments.)

The essence of the bill of complaint, before it was last amended, was that the appellee, who is a licensed real estate broker, and the appellant entered into a joint venture to acquire and sell some 2,456 acres of land, bordering and lying adjacent to the Alabama River in Autauga County, Alabama. The bill avers that the appellee Martin would show the appellant Rhyne the property, and furnish him information concerning its availability, the price at which it could be obtained, and its present and future value and use. He would also furnish his services in securing and closing the transaction with no charge to the venture, if the appellant would in turn furnish the funds for such down payment as might be required by the owners of the property; and, provided further, that the appellant would promise that, if, after seeing the property, he decided against the venture, he would neither acquire the property, nor disclose the information he had learned to any other persons. Next the bill avers that the parties agreed that the land would be acquired and sold at prices satisfactory to them and the profits divided equally." Then the gist of the bill is that the appellee attempted, but was unable, to acquire the land upon the terms insisted on by the appellant, that the appellee advised the appellant to make an offer upon the terms that the appellee had originally suggested, but the appellant failed to do so; that thereafter the appellant, at a time unknown to the appellee, purchased the land for himself at the same price which the appellee had informed the appellant the owner would accept.

The bill prays that the court decree that the appellant holds title to said land for their joint benefit and that each owns an undivided one-half interest in the property, that the real property remaining be partitioned in kind, if such can be done, allowing the appellee to pay the appellant for his share of the land, and, if not, that the property be sold for a division of the proceeds between them, and that judgment for half of the proceeds of a previous sale of a part of the property be entered for the appellee. Then the appellee prays for general relief.

Just before entering on the trial the appellee amended the prayer to his bill by incorporating the following, "and if the complainant be mistaken in the relief heretofore specifically prayed for, then complainant prays the court fix the compensation due him from respondent for his services rendered to respondent." After his demurrer was overruled the appellant filed his answer denying the material allegations of the bill.

The Court heard the evidence in open court, and in conclusion, found that the appellant had purchased the land for $300,000, that the appellee had furnished him services that enabled him to purchase the land, and that the appellee was entitled to the reasonable value of his services in the sum of $30,000. A money judgment thereupon was entered in favor of the appellee for $30,000 plus interest at 6% per annum from December 27, 1967. The court denied the appellee all other relief prayed for in the bill.

The primary objective of the appellee was to aver in his bill facts which would cause the court, on their proof, to decree a constructive trust in the land, or

its proceeds, in his favor. A bill for the establishment and enforcement of such a trust is cognizable in equity. Sims v. Reinert, 285 Ala. 658, 235 So.2d 802. The issue of whether or not a constructive trust exists is one of fact, the burden being on the complainant (appellee). Vafes v. Stritikus, 218 Ala. 659, 119 So. 643. The trial court found that the appellee was not entitled to any relief in this primary purpose or aspect of the bill and denied him the equitable relief to establish and enforce a trust in the land or the proceeds of sale.

■ Such right as the appellee may have to recover compensation for his services, allegedly rendered the appellant, which he specifically prayed for in the alternative, is a purely legal demand, and depends not upon any trust or other equitable ground, but exists, if at all, at law.

In Johnston v. Little, 141 Ala. 382, 37 So. 592, a bill was filed to establish and enforce a constructive trust by reason of fraud practiced by the respondents on the complainant. The complainant was induced to pay all of the purchase price of a tract of land upon the representation that the respondents were paying one-half, but, in fact, through deceit paid nothing. The bill, in addition to the establishment of a trust, alternatively prayed for an accounting and recovery of one-half of the money that he paid in excess of the true consideration. As to the latter part of the bill, the court held that the complainant had a complete and adequate remedy at law for the recovery of the money and the demurrer should have been sustained thereto. The court said:

"Complainant's equity as against all the defendants rests primarily upon the same ground, viz., the alleged fraud practiced upon him in the purchase of the land. As against Mrs. Harton and Mrs. Johnston the relief sought is of the same kind, viz., the establishment of a constructive trust in the land or its proceeds, and its enforcement for the satisfaction of a single demand. Being thus connected in ground of equity and in purpose, the bill is saved from multifariousness and other objections raised by the several demurrers to the bill as a whole.

"Such right as complainant may have to recover for half the money invested by him in the land depends not upon the existence of any trust or other equitable ground, but exists, if at all, at law. The incorporation into a bill of a purely legal demand does not make it multifariousness. Yarborough's Admr. v. Avant, 66 Ala. 526; Baines v. Barnes, 64 Ala. 375; Morris v. Morris, 58 Ala. 443; Carpenter v. Hall, 18 Ala. 439.

*That part of the bill which seeks an accounting for and a recovery of half the money so invested was subject to the demurrers thereto interposed, and the decree in so far as it overruled those demurrers must be reversed, * * *"* (Emphasis supplied.)

■ Where there is no express contract between the parties for the services, there may be a recovery for work and labor performed which essentially is a common law remedy, and, resort cannot be had to the equity courts in the absence of facts which constitute substantial ground for equitable jurisdiction. 98 C.J.S. Work and Labor § 37b, p. 775.

In Dickinson v. Bradford, 59 Ala. 581, the court said:

" * * * A court of equity having jurisdiction of a case, will generally settle the entire litigation, though it may involve the enforcement of legal demands, for which there is an adequate remedy at law. This is true only when the court has jurisdiction of the primary purposes of the bill, and the right to relief in respect to them is shown, and the legal demand is consequent to them. The rule does not apply when the primary objects of the bill fail.—Pond v. Lockwood, 8 Ala. 669."

Again in Yauger v. Taylor, 218 Ala. 235, 118 So. 271, the court stated:

"The rule is general and well recognized that when an equitable cause is presented, the court will, after granting the equitable relief, proceed to do complete equity, and to that end grant incidental relief which may be awarded at law. But the rule is likewise as firmly settled that if the equitable relief is denied, the court cannot retain jurisdiction and grant relief available at law. There must be equitable relief as a basis for supplemental relief."

In McCurdy v. Samples, 262 Ala. 485, 80 So.2d 224, the complainant, whose property was landlocked, sought in equity to have a road over the respondent's land decreed a public road under the doctrine of prescription. Initially the proceeding was to procure a right of way across the respondent's land by condemnation. The trial court concluded no road had been established by prescription; however, the court condemned a right of way and permanently enjoined its blocking. Answering the respondent's appeal, this court observed:

"The bill of complaint filed in the equity court presents a ground for equitable relief and in the alternative a ground for relief available at law. This resulted when the court overruled demurrer to the bill of complaint. The equitable relief is based on the blockade of a roadway in which the complainant has a special interest. Scruggs v. Beason, 246 Ala. 405, 20 So.2d 774. The relief available at law is the right to condemn a right of way where the complainant has no access to a public road. § 56, Title 19, Code of 1940. The court held that the complainants were not entitled to equitable relief because of failure of proof. Hence the equity court could not retain jurisdiction to grant relief available at law. McDowell v. Herren, 219 Ala. 370, 122 So. 336; Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Prichett v. Wade, 261 Ala. 156, 73 So.2d 533."

To the same effect, see also City of Huntsville v. Miller, 271 Ala. 687, 127 So. 2d 606 and Crane v. Houck Development Corp., 287 Ala. 683, 255 So.2d 25, wherein additional authorities support this rule.

To add further to the reason for this rule, which we reiterate from numerous prior cases, it is appropriate to cite the following quotation from 1 Pomeroy's Equity Jurisprudence, 5th Ed., § 237d, p. 436, viz:

"The doctrine that equity, having once become possessed of a cause, will retain it for the purpose of administering full and complete relief, does not apply when the facts relied on to sustain the equity jurisdiction fail of establishment. The award of mere compensatory damages, which are almost always unliquidated, is a remedy peculiarly belonging to the province of the law courts, requiring the aid of a jury in their assessment, and inappropriate to the judicial position and functions of a chancellor. It may be stated, therefore, as a general proposition, that a court of equity declines the jurisdiction to grant mere compensatory damages, when they are not given in addition to or as an incident of some other special equitable relief, unless under special circumstances the exercise of such jurisdiction may be requisite to promote the ends of justice. This is especially true where such a course would operate to deprive a party of his constitutional right of a trial by jury."

■ Here the primary purpose of the bill was for equitable relief, since equitable relief was denied, the court was without jurisdiction to award the alternative relief which was available at law. The decree of the trial court must therefore be reversed. Consideration of any other issues, raised by the appellant on this appeal, becomes unnecessary. The decree is reversed and the cause remanded.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and JONES, JJ., concur.