# Davis, *et al. v.* Hendrix.

*Bill to Declare and Enforce Constructive Trust.*

(Decided May 20, 1915. 68 South. 863.)

1. *Trusts; Constructive; Deed Procured by Attorney.*—Where an attorney for a widow secured from her a deed to land for the ostensible purpose of using it in litigation about which he was advising her, or was conducting for her, such widow was the equitable owner of land and entitled to sue for a reconveyance thereof against such attorney, or purchasers from him with notice, as the fraud of the defendant raised a constructive trust in the land in her favor.

2. *Same; Accounting; Sale of Deeds.*—Where complainant's attorney obtained a deed to land from her on the pretext that he would use it in a litigation which he was conducting for her, and thereafter sold the land to purchasers without notice of complainant's equitable title, complainant was entitled to an accounting against the attorney for the purchase price.

3. *Same; Notice of Title.*—Where a constructive trust in realty arose through fraud practiced upon the beneficiary, and such beneficiary was in possession of parts of such realty, purchasers from the party perpetuating the fraud were charged with notice of the beneficiary's equitable interest or title.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Bill by Mattie B. Hendrix against Thomas J. Davis and another to enforce a constructive trust in land. Judgment for complainant, and respondents appeal. Affirmed.

I. I. CANTERBERRY, and PARTRIDGE & HOBBS, for appellant.

WILLIAM CUNNINGHAME, for appellee.

MAYFIELD, J.—Appellee filed her bill against appellants to declare and to enforce a constructive trust in land.

(1) The bill shows that the legal title to the lands has been divested out of complainant and vested in appellants. It also shows that they hold such title in trust for complainant, but that they now deny the relation, decline to acknowledge the trust, decline to convey the legal title to the complainant, and seek to hold the lands of complainant, claiming them as their own. The bill in its averments makes a strong case against some, if not all, of the respondents for equitable relief. It further shows that the relation of client and attorney existed between complainant and the respondent Davis, as well as the relations of kinship, intimate friendship, and confidence.

Complainant is a widow, and the bill alleges that she trusted and relied upon Davis to advise and direct her in her business matters, and in the management and settlement of some mortgages in which she was interested. The bill in effect alleges that Davis procured from complainant a deed to certain lands; that the deed recited that Davis paid the purchase price named, when in fact he had not so paid anything, but that the deed was obtained from her by him, for the purpose, as claimed by him, of being used in certain litigation of complainant, about which Davis was advising her, or which he was conducting for her; that after procuring the deed in this manner, and for this purpose only, he placed the deed upon record, and sold the lands mentioned in the deed to Compton & Johnson, and refuses and declines to account to complainant for the purchase price received by him.

(2, 3) The bill alleges in the alternative that J. Marion Johnson had notice of the trust, and of complainant's equity when he purchased parts of the land, but prays, if it be found that he did not have such notice, but was a bona fide purchaser, then that Davis be re-

quired to account to complainant for the purchase price of the lands sold by him. As to parts of the land, it is alleged that complainant was in the adverse possession when Davis sold and conveyed, and that the purchasers thereof were charged with notice of the equitable title. The respondents demurred to the bill, assigning various grounds. The chancellor or judge overruled the demurrer, and from his decree they prosecute this appeal.

It would serve no good purpose to discuss the bill at length, as related to each of these grounds of demurrer. Suffice it to say, the bill and the demurrers have been carefully examined, and we hold that the bill contains equity as to each of the respondents, and was not subject to any of the grounds of demurrer interposed to the bill. The law of this state as to such transaction has been so often and so fully stated that we need not further incumber the books by a restatement of it here. See *Kyle v. Perdue,* 95 Ala. 579, 10 South. 103; *Pearce v. Gamble,* 72 Ala. 341; *Deming v. Lee,* 174 Ala. 410, 56 South. 921. In this last decision there was a division of opinion as to the case made by the bill, but not as to the law in such cases, and in the opinion the authorities are reviewed at some length. The cases of *Kent v. Dean,* 128 Ala. 600, 30 South. 543, and *Sanford v. Hamner,* 115 Ala. 408, 22 South. 117, have each some features and facts similar to some of the facts alleged in this bill, and principles of law are there announced which give equity to this bill.—*Rosenau v. Powell,* 173 Ala. 123, 55 South. 789.

We find no error, and the decree of the trial judge is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.