# Marshall v. Lister, et al.

### Bill to Enjoin Sale of Lands.

(Decided February 10, 1916. Rehearing denied March 13, 1916. 71 South. 411.)

1. **Trusts; Resulting; Enforcement; Creditors.**—Where a husband purchased land with money belonging to his wife and took title in his own name, a resulting trust arose, but such trust cannot be enforced or set up as against creditors of the husband who has instituted suit, recovered judgment and levied on the land without notice of the trust (§ 3413, Code 1907).

2. **Attorney and Client; Attorneys; Scope of Authority.**—Where the husband notified the attorney of his creditor that his wife owned the land, title to which was in his name, but it did not appear that the notice was given before the creditor instituted his suit, or when it was given, such notice was not notice to the creditor of the wife's equity; notice to an attorney or knowledge acquired by him not being notice to the client, unless given or acquired after the inception of the relation.

APPEAL from Etowah Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Julia Hill Marshall against John P. Lister and others to enjoin the advertising, selling, or offering for sale of certain lands. Decree for respondents, and complainant appeals. Affirmed.

The bill alleges that Julia Hill Marshall is in the peaceable possession of certain lands therein described, that she is the sole owner of said lands, and is in the peaceable possession thereof, and that her title thereto or a part thereof is denied or disputed

[Marshall v. Lister, et al.]

by the defendants. The bill further avers that John P. Lister as sheriff of Etowah county on the 2d day of April, 1914, under an execution issued out of the city court of Gadsden wherein M. Starnes, doing business, etc., had obtained judgment against one P. W. Marshall in the sum of $500 and costs, levied on the property under said execution and for the satisfaction of said judgment, and advertised the same for sale, and unless enjoined will sell the same. Complainant avers that she is not in any wise connected with nor a party to said suit or judgment; that the sheriff made the levy upon her property at the instance of the attorney of record of said M. Starnes, doing business, etc., the plaintiffs in the judgment, but that P. W. Marshall, who is defendant in such execution, was not in possession of said land, and did not own any right, title, interest or claim therein. The defense set up is the recovery of the judgment referred to in the bill, the filing of a certificate of the judgment in the office of the judge of probate, and title in P. W. Marshall as shown by the records of said county at the time and subsequent to the filing of said certificate of judgment, and later the conveyance by P. W. Marshall by deed to his wife, Julia Hill Marshall, of all the lands described in the bill. There was decree holding the land subject to the lien of the judgment.

W. J. Boykin, and J. M. Miller, for appellant. Inzer & Inzer, for appellee.

Anderson, C. J.— (1) It may be conceded only for the purpose of deciding this case that the land in question was bought with the complainant's money by her husband, who took the deed in his own name, and that there was therefore a resulting trust in favor of the wife, this appellant; yet this trust was inoperative and void as against the judgment lien of M. Starnes, doing business in the name of the New South Rubber Tire Company, which said judgment was obtained and certified to the probate office before the registration of the deed from the husband, P. W. Marshall, to his wife, this appellant, and there is no proof in this record of notice to the said M. Starnes of the existence of the equity attempted to be enforced by the original bill of complaint.—Section 3413 of the Code of 1907; *Preston v. McMillan,* 59 Ala. 84; *John Silvey Co. v. Cook,* 191 Ala. 228, 68 South. 37.

[Marshall v. Lister, et al.]

The appellant contends that the possession of the land by the husband, or of the husband and wife jointly, will be referred to the wife, or to the husband's representative capacity, and that such a possession is equivalent to notice of said equity. This contention finds support in the case of *Robison v. Robison*, 44 Ala. 227, but this case is in direct conflict with the latter case of *Preston v. McMillan*, 58 Ala. 84, and is out of line with many of the decisions of this court, and is not sustained by the authorities there cited. The correct rule is that, when husband and wife live together on land—that is, have a community of possession—the possession will be referred to the one who has the legal title, and which was not only in the husband in the case at bar, but his deed was upon the records of the county.—*Anglin v. Thomas*, 142 Ala. 264, 37 South. 784; *Larkin v. Baty*, 111 Ala. 303, 18 South. 666, and cases cited.

The case of *Gwynn v. Hamilton*, 29 Ala. 233, cited in the *Robison Case, supra*, does not support the holding in said *Robison Case* in point or by analogy. The other case cited, *Michan and Wife v. Wyatt*, 21 Ala. 813, is opposed to the holding in said *Robison Case*. There the wife, and not the husband, had the title, and it was said in the opinion: "In such case the possession will be referred to the title and the husband will be regarded as the trustee for the wife."

The *Robison Case, supra*, has been, in effect, overruled by the decisions of this court, but in order to remove all doubt in the future as to the soundness of same upon the point at issue it is hereby expressly overruled.

We do not think that the chancery court committed reversible error in not sustaining the complainant's objection to proof of the exhibits to the answer and cross-bill.

The decree of the chancery court is affirmed.

Affirmed. All the Justices concur.

## ON REHEARING.

(2) It is now suggested for the first time that the respondent M. Starnes had notice of the equity of Julia Hill Marshall in the land, or of facts to put him upon inquiry. Counsel insist that P. W. Marshall testified that he told Starnes' attorneys, Inzer & Inzer, before the judgment was obtained that his wife owned the land. We find the following statement in the testi-

mony of P. W. Marshall, on page 66 of the record: "But it is a fact that I told J. C. Inzer prior to the institution of said suit that I had no property; that what I had control of belonged to my wife."

Whether or not this would be notice of the claimed equity of the wife we do not decide; for this may be conceded, and still it does not show notice to the respondent M. Starnes. The record does not disclose who J. C. Inzer was, or, if a member of the firm of Inzer & Inzer, respondent's solicitors, that he was attorney for Starnes in the claim in question when the statement was made to him. It was made before the institution of the suit, and may have been made before Inzer & Inzer became Starnes' lawyers for the collection of this claim.

"Notice to an attorney or knowledge acquired by him is not notice to his client, unless given or acquired after the relation began."—2 Ency. Dig. Ala. Rep. § 57, p. 121, and Alabama cases there cited.

The application for rehearing is overruled.