(115 So. 221)

**DONALD et al. v. S. S. HOWZE MOTOR CO.**
(8 Div. 605.)

Court of Appeals of Alabama. Nov. 8, 1927.

Rehearing Denied Dec. 20, 1927.

E. W. Godbey, of Decatur, for appellants.

A. J. Harris, of Decatur, for appellee.

SAMFORD; J. The appellants, plaintiffs in the court below, held a judgment and execution against Dr. John Kimbrough. This execution was levied on one Ford car as the property of defendant in execution. Affidavit and claim bond was duly filed by appellee, claimant, based upon a contract made with Mrs. John Kimbrough, whereby the title to the car was retained in claimant until the full amount of the purchase money was paid. The contract stipulated, among other things, that the purchaser should keep the car insured and to pay the purchase price when due, and, in default, the claimant was authorized to declare the contract forfeited and take possession of the car. The payment for the car was past due, and default had been made as to payment of purchase money and agreement to keep the car insured at the time of filing the claim bond. The cause was tried by the court sitting without a jury, and judgment rendered for claimant.

It is undoubtedly the law under our practice that a trial of the right of property under the statute is an action or suit, in which the plaintiff in execution is deemed the actor and the claimant is the defendant. 6 Mich. Dig. 643, par. 120. Such being the law, the plaintiff must recover, if at all, upon the strength of his own right, and he cannot rely on the weakness of his adversary any more than the claimant can rely on the weakness of plaintiff's claim. Keyser v. Maas & Schwarz, 111 Ala. 390, 21 So. 346. We might well look no further for a justification of the finding of the trial judge. The only evidence tending to prove title to the car in Dr. John Kimbrough, the defendant in execution, is the fact that he was seen driving the car one time prior to the levy, and the fact that he was near the car when the levy was made, when all the other evidence in the case tended to prove that he did not own the car, had no title to it, and that it never had been subject to plaintiff's execution. The evidence tended to prove that the car had been purchased by the wife of defendant in execution; that they were living together as man and wife; and that such title as either defendant in execution or his wife had was in the wife. As between husband and wife, when they are living together, there is, of necessity, a community of possession, and the mere fact that the husband is found using the wife's property would not exclude her, but the law will refer the possession to the title where it rightfully belongs. Larkin v. Baty, 111 Ala. 303, 18 So. 666; reaffirmed in Marshall v. Lister, 195 Ala. 591, 71 So. 411. There being evidence tending to rebut the plaintiffs' evidence of possession in Dr. Kimbrough, the court might have concluded that the possession of Dr. Kimbrough was the possession of his wife, and that therefore plaintiffs had failed to show any title in Dr. Kimbrough.

But, passing that question, the evidence for claimant tended to prove a valid contract of conditional sale between claimant and Mrs. John Kimbrough, the wife of defendant in execution, reserving title in the claimant until conditions had been complied with; a default in the conditions of this contract on the part

284.

of Mrs. Kimbrough as to payment of the amount due under the contract and failure to keep the car insured, and a right, in case of default, to reclaim possession of the car; a demand by claimant for payment of the amount due—all before the filing of the affidavit and claim bond. The evidence discloses that the contract was dated May 3d; amount payable three months after date (August 3d), demand and forfeiture, the morning before date of claim bond August 18th. Assuming the bona fides of the contract of sale of the car from claimant to Mrs. Kimbrough, as to which there was no sufficient evidence to the contrary which would authorize this court to overrule the finding of the trial court, the claimant had both the title and the right to immediate possession of the car at the time it instituted this claim suit. When a claimant has title to personal property levied on under execution and the right to immediate possession, he is entitled to maintain claim suit, without making other demand than filing his claim as required by law. Code 1923, § 10375.

■ On the examination of the witness Canterberry for claimant, he was asked by claimant: "Did you have anything to say in that conversation at the time about the contract requiring it to be insured?" To this question there was objection and exception. The answer was: "Yes, sir." The inquiry was not pursued, and means nothing. There was no injury from this ruling.

We find no error in the record, and the judgment is affirmed.

Affirmed.