27 So.2d 258

## DOWDLE v. HARRIS.
### 6 Div. 290.

Court of Appeals of Alabama.
Aug. 1, 1946.

R. G. Redden, of Vernon, for appellant.

Young & Young, of Vernon, for appellee.

HARWOOD, Judge.

In 1936 Trudie Blakeney Harris (the appellee) recovered a judgment against J. E. Dowdle in the sum of $3,791. On 2 December 1943 an execution was issued on said judgment and placed in the hands of the sheriff of Lamar County, who on that day levied on a Ford automobile as the property of J. E. Dowdle. On the same day Mrs. J. E. Dowdle, wife of the defendant in the writ, executed a claim bond for the seized car. This appeal is from a judgment in favor of Trudie Blakeney Harris as plaintiff in a suit against Mrs. Dowdle on the claim bond.

The evidence introduced by the plaintiff in the trial below consisted of the testimony of M. V. Smith, Sheriff of Lamar County, and Mr. J. A. Hankins, an employee of the sheriff, and the writ of execution which was received in evidence.

Mr. Smith testified that he levied on the automobile described in the writ of execution on the date shown on the writ. He *believed* the car was at Mr. Roscoe Richards' house, and he *supposed* Mr. Dowdle was there.

On cross examination Mr. Smith testified that he would not say where the car was when it was levied on, he could be mistaken in saying it was at Mr. Richards' house, in fact he did not remember where the car was when he levied on it. He did not remember whether Mr. Dowdle drove the car to Vernon after the levy of the execution, and could not say he had even seen Mr. Dowdle in possession of the car as he had never seen the car before he levied the execution on it.

Mr. Hankins' testimony was solely to the effect that after the levy of execution he brought the car to Vernon, with Mr. Dowdle driving it.

For the defense both Mr. and Mrs. Dowdle testified unequivocally that the car was the property of Mrs. Dowdle, that she had purchased it in 1940 and paid for the same herself.

Two receipts showing payment of privilege tax and tag fee on the car issued in Mississippi to Mrs. J. E. Dowdle, are dated 30 October 1943, and the other undated, but issued in 1941 according to Mrs. Dowdle, were received in evidence.

Under an elemental rule of law, and of course under the writ of execution itself, only the goods and chattels, lands and tenements of J. E. Dowdle could be levied upon. The only fact established by the testimony of Sheriff Smith was that he levied on an automobile. The only fact established by the testimony of Mr. Hankins was that he brought the car into Vernon *after* the execution with Mr. Dowdle as driver. There is not one·scintilla of evidence in the record that prior to the levy of the execution that Mr. Dowdle owned the seized car.

■ The appellee (plaintiff) occupied the position of actor in this suit and the resulting burden of establishing such ownership, at least by a scintilla of evidence was on her. Donald v. S. S. Howze Motor Co., 22 Ala.App. 282, 115 So. 221. The only fact actually established by the plaintiff below was that J. E. Dowdle drove the seized car into Vernon. Since the sheriff had already seized the car, and his agent accompanied Dowdle on this drive, it must be concluded that this act in no way tended to show any possession in Dowdle, and inference of ownership, but rather established possession in the sheriff. Even had the plaintiff shown that Dowdle used the car *before* the seizure by the sheriff, such fact in no way excludes the wife from establishing her title. Between husband and wife, when living together, there is of necessity a community of possession, and in such cases the law will refer the possession to the title where it rightfully belongs. Howze case, supra.

■ However, as before stated, there is not a scintilla of evidence in the record that J. E. Dowdle was the owner, or even possessor, of the seized car. For this reason the trial court erred in refusing appellant's (defendant below) written request for the affirmative charge in her favor.

Reversed and remanded.