This case involves a materialman's lien claim. The central issue is the effect of a *Page 1338 
non-judicial mortgage foreclosure on a subsequent mechanic's or materialman's lien.
This Court thoroughly addressed this exact issue inBailey Mortgage Co. v. Gobble-Fite Lumber Co., Inc.,565 So.2d 138 (Ala. 1990) (application for rehearing overruled, August 3, 1990). Bailey Mortgage Co. involved a default judgment taken against a mortgage company by the same company involved in this case and the question of the priority to be given a materialman's lien as against the mortgage holder that had initiated a foreclosure. This Court held in Bailey "that the holder of a prior mortgage that is superior to a mechanic's or materialman's lien, who forecloses and purchases the property at the foreclosure sale does not lose its priority." Id. Our reasoning in Bailey was:
 "Alabama is a 'title theory' state, meaning that we adopt the general rule represented by the maxim 'prior in tempore, potior in jure' (first in time, superior in right). Ala. Code 1975, § 35-4-90. In a 'title theory' state, a mortgage passes legal title to the mortgagee, and the mortgagor is left with the equity of redemption. Trauner v. Lowrey, 369 So.2d 531 (Ala. 1979). The order of priority between persons claiming an interest in the same property, by mortgage or otherwise, is fixed by the order in which they are filed for record."
Id. Our conclusions as to the facts of the Bailey case can be summarized as follows:
 "First, at the time when the materials were furnished by Gobble-Fite, Bailey Mortgage's mortgage was on record. Second, Gobble-Fite properly perfected its materialman's lien, but it was inferior to Bailey Mortgage's mortgage. Third, because after Bailey Mortgage's foreclosure there were no surplus proceeds, the only remedy or recourse left to Gobble-Fite was the right to redeem under Ala. Code 1975, § 35-11-2."
Id.
In the case before us, BancBoston's mortgage was on record at the time the materials were furnished by Gobble-Fite to Southwestin Corporation (a former mortgagor). Gobble-Fite properly perfected its lien. However, under our holding inBailey, Gobble-Fite's materialman's lien is junior to the construction lender's mortgage. Because the facts in the present case are indistinguishable from those in Bailey, we must reverse the judgment of the trial court and remand the case for a judgment consistent with this holding.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.