UNITED STATES of America, Plaintiff,

v.

ONE 1990 LINCOLN TOWN CAR, VIN NO. 1LNLM82F2LY702632 et al., Defendants.

Civ. A. No. 1:91–cv–2024–MHS.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 28, 1993.

Nina Loree Hunt, Office of U.S. Atty., N.D.Ga., Atlanta, GA, for plaintiff U.S.

Dorothy Yates Kirkley, James Allen Orr, William J. Holley, II, Paul Hastings Janofsky & Walker, Atlanta, GA, for claimant Mitsubishi Intern. Grp.

Thomas C. Hollingsworth, Fern Singer, Watterson & Singer, Birmingham, AL, for claimant E.I. DuPont DeNemours & Co.

Bruce Rice, Rice & Rice, Oxford, AL, for claimant Independent Bank of Oxford.

Warner R. Wilson, Jr., Samuel Tillman Brannan, Wilson Strickland & Benson, Atlanta, GA, Jack W. Selden, Leitman Siegal Payne & Campbell, Birmingham, AL, for claimant Beacon House Furniture Co., Inc.

John Philip Fry, Alston & Bird, Atlanta, GA, Christopher M. Hopkins, Campbell & Hopkins, Anniston, AL, for claimant Eastwood Yarn Corp.

## ORDER

SHOOB, Senior District Judge.

This action is before the Court on the issue of whether this Court has in rem jurisdiction over this action and on several summary judgment motions. For the reasons stated below, the Court concludes that it has jurisdiction over this action, grants claimant Eastwood Yarn Corporation's motion for summary judgment against the Government, and denies Eastwood's motion for summary judgment against claimant Mitsubishi International Corporation.

In August 1991, the Government filed this civil forfeiture action under 18 U.S.C. § 981 against the defendant properties. The Government seized the defendant properties after showing that Joseph Smith, Raymond Lippincott III, and Mary Ellen Lee defrauded Mitsubishi International Corporation from November 1988 to June 1991 and used the

money to purchase the defendant properties. The Government settled with various claimants to the defendant properties, and the only remaining defendant property in this action is the real property and improvements at a processing plant at 100 Sun Industrial Boulevard in Talladega County, Alabama ("Sun Fibres property"), formerly operated by Sun Fibres, Inc. The only claimants to the Sun Fibres property are the Government, Mitsubishi, Eastwood Yarn Corporation, the Independent Bank of Oxford, and the City of Talladega Industrial Development Board. In August 1992, the Government and Mitsubishi entered into a consent agreement in which the Government recognized Mitsubishi's right to the Sun Fibres property and made Mitsubishi substitute custodian of the property.

The Court must determine whether the Sun Fibres property may be forfeited to the Government or whether one of the claimants here has a superior right to the property. Eastwood claims to have a superior right to the Sun Fibres property because it obtained a judgment lien on the property when it recorded its judgment against Sun Fibres, Inc., on August 22, 1991, at 8:41 a.m., in the Office of the Probate Judge of Talladega County, Alabama. Mitsubishi also claims to have a superior right to the Sun Fibres property because it has a constructive trust on the property, which arose when the fraudulent acts were committed in November 1988. Mitsubishi argues that its *lis pendens* notices filed on August 16, 22, and 26, 1991, in the Office of the Probate Judge of Talladega County, gave Eastwood notice of Mitsubishi's constructive trust on the property, though Eastwood claims that the only *lis pendens* notice which could have been effective against Eastwood, the August 16 *lis pendens,* was defective. Mitsubishi further claims that Eastwood had notice of Mitsubishi's constructive trust since its attorney took the deposition of Joseph Smith, one of the perpetrators of the fraud, on August 12, 1991, and since newspapers of general circu-

lation in Alabama and Georgia carried stories about the fraud.

In this order, the Court first addresses two jurisdictional issues and then Eastwood's motions for summary judgment against the Government and Mitsubishi.

## I. IN REM JURISDICTION

■ In its Order of January 25, 1993, the Court directed the Government and claimants in this action to submit briefs on whether, under 18 U.S.C. § 981, the Court has in rem jurisdiction to settle the rights of claimants to a piece of property located outside the Court's territorial boundaries when the claimants are not the criminal defendants in the related criminal proceeding. *See United States v. Contents of Accounts Nos. 3034504504 & 144–07143,* 971 F.2d 974, 983 (3d Cir.1992) (§ 981(h) is a venue provision and does not give district court in rem jurisdiction over a res outside court's territorial jurisdiction).

The Government argues that the Court has in rem jurisdiction over the Sun Fibres property in this action, even though the plant is outside the Court's territorial boundaries.[1] Specifically, the Government claims that in October 1992, Congress amended the statute that gives district courts jurisdiction over all civil forfeiture actions, 28 U.S.C. § 1355, and that the amended § 1355 gives district courts jurisdiction over any forfeiture proceeding brought where venue is proper under "any other statute." Housing and Community Development Act of 1992, Pub.L. No. 102–550, § 1521, 106 Stat. 4062–63 (1992). The Government further claims that Congress amended § 1355 because of confusion over whether a court had jurisdiction over a res outside its territorial boundaries. *See generally* 138 Cong.Rec. S8623–25 (daily ed. June 23, 1992) (statement of Sen. Riegle); 137 Cong.Rec. S12235 (daily ed. Aug. 2, 1991) (statement of Sen. D'Amato).

■ The Court agrees with the Government that amended § 1355 shows that Con-

---

1. Following the Third Circuit's decision in *United States v. Contents of Accounts Nos. 3034504504 & 144–07143,* 971 F.2d 974, 983 (3d Cir.1992), claimant Eastwood argues that the Court lacks in rem jurisdiction over this action. Citing the ven-

ue provision of 18 U.S.C. § 981(h), Mitsubishi argues that the Court has nationwide jurisdiction over civil forfeiture actions and that judicial economy and practicality support the Court's jurisdiction.

gress intends district courts to have jurisdiction over a forfeiture action whenever venue is properly had under a forfeiture statute such as 18 U.S.C. § 981. *Id.* The Court therefore concludes that it has jurisdiction over the remaining res in this action and may determine the rights of various claimants to this res. *But see Contents of Accounts Nos. 3034504504 and 144–07143,* 971 F.2d at 983.

## II. EASTWOOD YARN'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

■ Eastwood Yarn, one of the claimants to the Sun Fibres property, suggests that the Court lacks jurisdiction over this action for yet another reason. The Court construes Eastwood's "suggestion of lack of jurisdiction" as a motion to dismiss for lack of subject matter jurisdiction and denies the motion. Fed.R.Civ.P. 12(b), (h)(3).

Specifically, Eastwood argues that the Court lacks subject matter jurisdiction over this action because the Government entered into a consent agreement with Mitsubishi, another claimant to the Sun Fibres property, and that in the consent agreement the Government recognized Mitsubishi's right to the Sun Fibres property and made Mitsubishi substitute custodian of the property. Therefore, Eastwood argues, the Government no longer seeks to forfeit the Sun Fibres property and any decision rendered by this Court would be an advisory opinion because no genuine case or controversy exists. In response, the Government argues that the Court maintains jurisdiction over this forfeiture action because, even though the Government and Mitsubishi entered into a consent agreement and Mitsubishi acts as the property's substitute custodian, a genuine case or controversy exists in this action.

The Court agrees with the Government that a genuine case or controversy still exists in this action and that a determination of the rights of the claimants to the Sun Fibres property would not be an advisory opinion. *See United States Fire Insurance Co. v. Caulkins Indiantown Citrus,* 931 F.2d 744, 747–48 (11th Cir.1991). The Court finds that the consent agreement between the Government and Mitsubishi merely settled the con-

test between the Government and Mitsubishi; that agreement did not and could not settle or moot any other claims to the property, determine whether the property should be forfeited, or determine whether some other claimant had a right superior to the Government's right in the property. For instance, the Court might find that neither the Government nor Mitsubishi has the superior right to the Sun Fibres property.

The Court concludes then that it retains jurisdiction over this action and denies Eastwood's motion to dismiss for lack of subject matter jurisdiction. Since Eastwood's supplemental motion for summary judgment against the United States and Eastwood's motion to strike the United States' motion to strike or for summary judgment are based on the same jurisdictional argument, the Court also denies these motions. The Court now turns to Eastwood's summary judgment motions against the Government and Mitsubishi.

## III. SUMMARY JUDGMENT STANDARD

Eastwood moves for summary judgment against both the Government and Mitsubishi. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "there is no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." In *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court held that this burden could be met if the moving party demonstrates that there is "an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. at 2553–54. At that point, the burden shifts to the non-moving party to go beyond the pleadings and present specific evidence giving rise to a triable issue.

In reviewing a motion for summary judgment, the Court must construe the evidence and all inferences drawn from the evidence in the light most favorable to the non-moving party. *WSB–TV v. Lee,* 842 F.2d 1266, 1270 (11th Cir.1988). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## IV. EASTWOOD'S MOTION FOR SUMMARY JUDGMENT AGAINST THE UNITED STATES

In its motion for summary judgment against the Government, Eastwood argues that, as a judgment lienholder on the Sun Fibres property, it is an innocent lienholder under 18 U.S.C. § 981(a)(2) and its interest in the Sun Fibres property is not subject to forfeiture. In response, the Government argues that Eastwood never acquired an interest in the Sun Fibres property because the relation back doctrine of § 981(f) caused the property to immediately vest in the Government when the fraudulent acts were committed in November 1988.

The Money Laundering Control Act of 1986, 18 U.S.C. § 981,[2] allows property seized in violation of money laundering statutes to be forfeited to the United States. 18 U.S.C. § 981(a)(1). Section 981 applies only to property that is "subject to forfeiture," which does not include the interest so-called innocent owners or lienholders have in the property. *Id.* § 981(a)(2). The relation back doctrine of § 981 is set forth in subsection (f), which states that "[a]ll right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section." *Id.* § 981(f).

The crux of the dispute between Eastwood and the Government is not merely whether Eastwood is an innocent owner under § 981(a)(2) but whether the relation back doctrine of § 981(f) applies to property under the innocent owner or lienholder defense. The Court concludes that the relation back doctrine of § 981(f) applies only to property that is subject to forfeiture under § 981(a) and not to property that is not subject to forfeiture under the innocent owner or lienholder defense of § 981(a)(2).

The plain language of § 981 supports this conclusion. Section 981(a)(1) defines what property is subject to forfeiture, and section (a)(2) exempts certain property from forfeiture to the extent of an innocent owner or lienholder's interest in the property. Logically, the relation back doctrine of § 981(f) can apply only to property that is subject to forfeiture and cannot apply to property exempt from forfeiture under the innocent owner defense; otherwise, the innocent owner defense of § 981(a)(2) would serve no purpose. Thus, the relation back doctrine applies only when a claimant fails to make out an innocent owner defense.

Cases interpreting an analogous forfeiture statute, 21 U.S.C. § 881, which with small exception contains the same innocent owner defense as § 981, support the Court's conclusion that the relation back doctrine of § 981(f) does not apply to property not subject to forfeiture under the innocent owner defense of § 981(a)(2). Most recently, the Supreme Court held that the relation back doctrine in § 881(h) does not make the Government an owner of seized property before a court has decreed a forfeiture. *United States v. A Parcel of Land, Buildings, Appurtenances and Improvements, Known as 92 Buena Vista Avenue,* — U.S. ——, 113 S.Ct. 1126, 122 L.Ed.2d 469 (U.S.1993), *affirming,* 937 F.2d 98 (3d Cir.1991). As at common law, the Court noted, § 881 allows an owner to invoke the innocent owner defense of § 881(a)(6) before the Government's title vests in the property, and after the

---

**2.** Section 981 provides in part:

> (a)(1) Except as provided in paragraph (2), the following property, real or personal, is subject to forfeiture to the United States:
>
> (A) Any property, real or personal, involved in a transaction or attempted transaction in violation of ... section 1956 or 1957 of this title, or any property traceable to such property ...

> (a)(2) No property shall be forfeited under this section to the extent of the interest of an owner or lienholder by reason of any act or omission established by that owner or lienholder to have been committed without the knowledge of that owner or lienholder ...
>
> (f) All right, title, and interest in property ... shall vest in the United States upon commission of the act giving rise to forfeiture....
>
> 18 U.S.C. § 981.

Government's title vests, the title relates back to the date of the acts giving rise to the forfeiture. *Id.* — U.S. at —, 113 S.Ct. at 1127; *see also United States v. One Single Family Residence Without Buildings Located at 15621 S.W. 209th Avenue,* 894 F.2d 1511, 1516 (11th Cir.1990) (in case where property held in tenancy by the entirety by an innocent spouse and her guilty husband, property could not be forfeited to the Government under § 881 since the Government could forfeit only "whatever interest remains in the property after the innocent owner's interest has been excepted").

■ Having concluded that the relation back doctrine of § 981(f) does not apply to property that is not subject to forfeiture under § 981(a)(2), the Court now addresses whether Eastwood has established the innocent owner or lienholder defense and whether a genuine issue of material fact exists to defeat Eastwood's motion for summary judgment.

Under § 981(a)(2), property is not subject to forfeiture to the extent of an owner or lienholder's interest in the property if the owner or lienholder shows that she lacked knowledge of the act or omission giving rise to the forfeiture. 18 U.S.C. § 981(a)(2). Under *United States v. Real Property and Improvements Located at 5000 Palmetto Drive,* 928 F.2d 373, 375 (11th Cir.1991), which interprets the analogous innocent owner doctrine of 21 U.S.C. § 881(a)(7), an owner must have actual, not constructive, knowledge of the act or omission giving rise to the forfeiture. Since the case law interpreting the innocent owner defense of § 981(a)(2) is scant, the Court concludes that, as under § 881(a)(7), if Eastwood had actual knowl-

edge of the fraud giving rise to this forfeiture action, it would not be an innocent owner or lienholder and its interest in the Sun Fibres property would be subject to forfeiture under § 981(a)(1).

Eastwood argues that it is an innocent judgment lienholder under § 981(a)(2) because it lacked actual knowledge of the fraud giving rise to this forfeiture action. Therefore, Eastwood argues, its interest in the Sun Fibres property is not subject to forfeiture.[3] The Government fails to produce evidence sufficient to create a genuine issue of material fact on whether Eastwood had actual knowledge of the criminal acts giving rise to this action when Eastwood obtained its judgment against Sun Fibres, Inc. *Cf. United States v. One Single Family Residence Located at 15603 85th Avenue North,* 933 F.2d 976, 981 (11th Cir.1991) (brother invested money in real property under circumstances clearly indicating that he knew his brother's money came from drug dealing).

Instead, the Government focuses on the argument that the relation back doctrine of § 981(f) caused the property to vest in the Government in November 1988, and does not offer evidence to refute Eastwood's showing that there is an absence of evidence indicating that Eastwood lacked actual knowledge of the criminal acts giving rise to this forfeiture action.[4] Summary judgment for Eastwood against the Government is therefore appropriate since the Government has failed to meet its burden of producing evidence on this issue. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. For these same reasons, the Court denies the Government's motion for summary judgment.[5]

**3.** Citing *United States v. Forty–One Thousand Three Hundred Five Dollars in Currency and Travelers Checks,* 802 F.2d 1339, 1346 (11th Cir. 1986), the Government responds that Eastwood is merely an innocent, unsecured creditor and as such its property interest is subject to forfeiture under the law of this Circuit. The Court disagrees with the Government's reading of *Forty–One Thousand.* There the Eleventh Circuit held that holders of checks written on a forfeited bank account lacked standing to contest the forfeiture since they lacked an ownership interest in the property seized. *Id.* at 1346. *Forty–One Thousand* does not stand for the proposition that the Eleventh Circuit does not recognize an innocent,

unsecured creditor's interest in property subject to forfeiture.

**4.** Claimant Mitsubishi argues on behalf of the Government that Eastwood had knowledge of the criminal acts giving rise to this forfeiture action and points to the reports of these acts in newspapers of general circulation in Georgia and Alabama. These facts, however, show only that Eastwood may have had constructive knowledge of the criminal acts.

**5.** The Court concludes that, as a judgment lienholder which has filed a claim on the Sun Fibres property, Eastwood has both Article III and stat-

## V. EASTWOOD'S MOTION FOR SUMMARY JUDGMENT AGAINST MITSUBISHI

Eastwood also moves for summary judgment against claimant Mitsubishi. Eastwood argues that Mitsubishi is not an innocent owner under § 981(a)(2); that Mitsubishi is not an exceptionally innocent owner under *Calera–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); that Eastwood's recorded judgment lien is superior to Mitsubishi's constructive trust on the Sun Fibres property; and that even if Mitsubishi's constructive trust were deemed superior to Eastwood's recorded judgment lien, Mitsubishi is equitably estopped from asserting its claim against Eastwood. In response, Mitsubishi argues that its constructive trust is superior to Eastwood's judgment lien on the Sun Fibres property, that Mitsubishi is the innocent owner of the Sun Fibres property, and that there are genuine issues of material fact which preclude summary judgment.

■ Initially, the Court notes that it must apply Alabama law in this forfeiture action. District courts must apply the conflict of law rules of their forum state. *Johnson v. Occidental Fire & Casualty Co.*, 954 F.2d 1581, 1583 (11th Cir.1992). In cases involving real property, Georgia courts generally follow the traditional conflict of law rule of *lex loci rei sitae*, that is, the law of the place where the thing is. *See Veach v. Veach*, 205 Ga. 185, 190, 53 S.E.2d 98 (1949). Here the real property and improvements that comprise the Sun Fibres property are located in Alabama; therefore, Alabama law applies.

■ Assuming that Mitsubishi is an innocent owner under § 981(a)(2),[6] the Court addresses the central issue presented: whether Eastwood's recorded judgment lien on the Sun Fibres property is superior in right to any constructive trust the Court may impose on the property on behalf of Mitsubishi. Alabama is a title theory state, which means that Alabama follows the general rule of first in time, superior in right, that is, if a party is first in time, then the party is first in right. Ala.Code § 35–4–90 (1991); *BancBoston Mortgage Corp. v. Gobble–Fite Lumber Co., Inc.*, 567 So.2d 1337 (Ala.1990).

■ The Court must next examine Alabama law to determine when a court should impose a constructive trust, when a constructive trust may have arisen, and when a judgment lienholder can prevail over a constructive trust. Under Alabama law, a court may impose a constructive trust on property on behalf of one who is entitled to the property when another holds title to the property by fraud, commission of a wrong, abuse of a confidential relationship, or any other form of unconscionable conduct. *American Family Care, Inc. v. Irwin*, 571 So.2d 1053, 1058 (Ala.1990). In essence, a constructive trust is not a real trust at all but an equitable remedy that operates to prevent unjust enrichment. *Sprayberry v. First National Bank*, 465 So.2d 1111, 1114 (Ala.1984); *see, e.g., Beasley v. Mellon Financial Services Corp.*, 569 So.2d 389 (Ala.1990) (imposing constructive trust on behalf of construction mortgage assignee on lot on which house had been built).

■ Once a court concludes that a constructive trust should be imposed, the beneficiary of the constructive trust has an equitable interest in the property, and the constructive trust is deemed to have arisen when the wrongful acts giving rise to the trust were committed.[7] Austin W. Scott, 5

utory standing to bring its claim under 18 U.S.C. § 981. Therefore, the Court denies the Government's motion for summary judgment on its argument that Eastwood lacks standing in this action.

**6.** The Court concludes that a genuine issue of material fact exists on whether Mitsubishi is an innocent owner under 18 U.S.C. § 981(a)(2). Mitsubishi has produced evidence sufficient to create a jury issue on whether, by virtue of its constructive trust, Mitsubishi is an owner and on whether Mitsubishi lacked actual knowledge of

the fraud leading to this forfeiture action. (*See* Mitsubishi's Resp. to Eastwood's Summ.J.Mot. at 11–15.)

**7.** Contrary to Mitsubishi's assertion, the person committing the fraud still has good title to the property gained by the fraud. "The fact that a court of equity will decree a constructive trust in property obtained by fraud or purchased with funds obtained by fraud does not mean that the title of the owner is defective or his possession tortious. A constructive trust is not a title or lien upon property but a mere remedy to which equi-

*The Law of Trusts* §§ 462, 462.4 (1967, Supp. 1986, & Supp.1988). The issue of whether a constructive trust in land exists is an issue of fact, and the burden of proof is on the party asserting the trust. *Rhyne v. Martin,* 290 So.2d 650, 651 (Ala.1974).

Most states recognize that only a bona fide purchaser who takes property without notice of the facts giving rise to a constructive trust can prevent a constructive trust from arising, that is, cut off the trust. 5 Scott, *supra,* § 474, at 3454. Alabama law, however, not only protects a bona fide purchaser but also a creditor who has a lien on the property and lacks knowledge of the facts giving rise to the trust. "No such trusts [those concerning land, *see* Ala.Code § 35–4–255], whether implied by law or created or declared by the parties, can defeat the title of creditors or purchasers for a valuable consideration without notice." Ala.Code § 35–4–256 (1991). The Alabama courts have long held that section 35–4–256 protects a creditor with a lien acquired after the trust arose only as long as the creditor had no notice of the trust when her judgment lien was created. *See Preston & Stetson v. McMillan,* 58 Ala. 84 (1877); *Sutley v. Dothan Oil Mill Co.,* 235 Ala. 475, 179 So. 819, 823 (1938).

While no Alabama court has expressly held that section 35–4–256 applies to constructive trusts, the Alabama Supreme Court has recently stated that this is the case. *See McClure v. Moore,* 565 So.2d 8, 11 (Ala.1990). Further, the Alabama courts have applied section 35–4–256 to resulting trusts and to other equitable estates. *See, e.g., Marshall v. Lister,* 195 Ala. 591, 71 So. 411 (1916); *Sutley,* 179 So. at 823. Finally, the language of section 35–4–256 states that the statute applies to trusts "implied by law." Ala.Code § 35–4–256; *see Caple v. McCollum,* 27 Ala.

461 (1855); *cf.* Ala.Code § 35–4–255 (Statute of Frauds does not require a writing for constructive trusts).

■ The general rule with regard to notice of a constructive trust is that

[a] person has notice of facts giving rise to a constructive trust where he has actual knowledge of these facts or where he should know them, [though] the circumstances under which a person should know of the existence of an express trust may be different from those under which he should know of the existence of a constructive trust. Moreover, in the case of land the matter is affected by the existence and scope of recording statutes. An express trust of land ordinarily must be recorded, whereas constructive trusts ordinarily fall outside the scope of the recording statutes.[8]

5 Scott, *supra,* § 476, at 3457–58; *accord Upchurch v. Goodroe,* 242 Ala. 395, 6 So.2d 869 (1942); *Davis v. Hendrix,* 192 Ala. 215, 68 So. 863 (1915). The standard for determining whether a person has actual or constructive notice of the facts giving rise to a constructive trust is the subjective standard of honesty, not the objective standard of negligence. 5 Scott, *supra,* § 476, at 3458.

In this action, Eastwood argues that its judgment lien against the Sun Fibres property is superior to any constructive trust the Court might impose on Mitsubishi's behalf. Specifically, Eastwood claims that it lacked notice of Mitsubishi's constructive trust because Mitsubishi failed to file an adequate *lis pendens.* Eastwood's judgment lien was recorded at 8:41 a.m. on August 22, 1991, in Talladega County, Alabama, where the Sun Fibres property is.[9] Although Mitsubishi recorded a *lis pendens* in Talladega County on August 16, 1991, Eastwood argues that this notice was defective under Alabama law be-

ty resorts in granting relief against fraud; and it does not exist so as to affect the property held by a wrongdoer until it is declared by a court of equity as a means of affording relief." *International Refugee Organization v. Maryland Drydock Co.,* 179 F.2d 284, 287 (4th Cir.1950).

8. Thus, in contrast to the actual notice required under 18 U.S.C. § 981, *see United States v. Real Property and Improvements at 5000 Palmetto Drive,* 928 F.2d 373, 375 (11th Cir.1991) (actual notice required under 21 U.S.C. § 881(a)(7)), a

creditor with a lien or a bona fide purchaser cannot cut off a constructive trust if the creditor or purchaser knew or should have known of the facts giving rise to the constructive trust.

9. The Court assumes that Eastwood intended the dates in numbers 22 and 23 of its statement of undisputed material facts to be August 21 and 22, *1991,* rather than August 21 and 22, *1992.* (Eastwood's Mot.Summ.J. Against Mitsubishi at 5.) The other parties refer to the year 1991.

cause it did not include a description of any real estate in Talladega County, a description of the defendants, and a description of the Sun Fibres property, all of which are required under Alabama law. *See* Ala.Code § 35–4–130 (1991); *see also Stone v. Lacy*, 245 Ala. 521, 17 So.2d 865, 867 (1944); *Stone v. Lacy*, 242 Ala. 393, 6 So.2d 481, 483 (1942). Therefore, Eastwood argues that it lacked notice of a constructive trust that might be imposed for Mitsubishi over the Sun Fibres property. While Mitsubishi refiled its *lis pendens* notice on August 22, 1991, at 4:15 p.m., and again on August 26, 1991, Eastwood argues that it had no obligation to check for *lis pendens* notices after recording its judgment and that these filings were also inadequate.

In response, Mitsubishi argues that the Court should impose a constructive trust on its behalf over the Sun Fibres property because the Sun Fibres property was purchased with money fraudulently obtained from Mitsubishi. Mitsubishi argues that this constructive trust should be deemed to have arisen in November 1988 when the fraudulent acts began. Mitsubishi also claims that its *lis pendens* notices were not defective and put Eastwood on constructive notice that the Sun Fibres property was subject to pending litigation.

Applying the first in time, superior in right principle to these facts, if the Court were to impose a constructive trust on behalf of Mitsubishi,[10] Mitsubishi would, at first glance, have the superior right to the Sun Fibres property since Mitsubishi's constructive trust arose in November 1988, long before August 22, 1992, when Eastwood recorded its judgment. As a creditor with a lien, however, Eastwood would be protected under Alabama law from any constructive trust imposed on behalf of Mitsubishi if Eastwood lacked actual or constructive knowledge of the facts giving rise to the trust at the time Eastwood obtained its lien on the property.[11]

The Court then must determine whether Eastwood had, at the time of its judgment, either actual or constructive knowledge of the facts giving rise to any constructive trust that might be imposed on Mitsubishi's behalf. The Court agrees with the late Professor Scott that the circumstances under which a person would have actual or constructive knowledge of the existence of a constructive trust are indeed limited. Nonetheless, the Court concludes that a person could have actual or constructive knowledge of the facts giving rise to a constructive trust through any means by which a person gains constructive knowledge of any facts or through state recording statutes.[12]

The Court concludes that Mitsubishi has created a genuine issue of fact on whether Eastwood had constructive, and perhaps actual, knowledge of the facts giving rise to the constructive trust at the time of Eastwood's judgment.[13] Mitsubishi presents evidence that Eastwood may have had actual knowledge of Mitsubishi's constructive trust since Eastwood deposed Joseph Smith as part of discovery in obtaining its judgment lien. Mitsubishi also presents evidence that Eastwood may have had constructive knowledge of the trust since Smith had confessed his fraud to Government agents by the time he

10. As noted above, since the question of whether a constructive trust should be imposed is an equitable issue, the question is essentially a question of fact, and the Alabama courts consistently require a jury to decide whether a constructive trust should be imposed. *See, e.g., Rhyne v. Martin*, 292 Ala. 163, 290 So.2d 650, 651 (1974).

11. Eastwood must have had knowledge of the facts giving rise to the trust at the time of its judgment, not at the time the judgment was recorded. *See Sutley v. Dothan Oil Mill Co.*, 235 Ala. 475, 179 So. 819, 824–25 (Ala.1938).

12. The Court disagrees with Eastwood's claims that actual notice is required and that constructive trusts must comply with state recording statutes under Alabama law. *See* Austin W. Scott, 5 *The Law of Trusts* §§ 476 (1967, Supp.1986, &

Supp.1988). Since a constructive trust can be imposed only by a court of equity and since the beneficiary of a constructive trust may not know of the trust's existence, filing a record of a constructive trust under state recording statutes would be impossible in most cases, though, as in this action, the party asserting a constructive trust may file a *lis pendens* to notify third parties that property is subject to pending litigation. *Id.* §§ 462, 462.4.

13. The Court assumes but does not decide that Mitsubishi's August 16, 1991 *lis pendens* notice was defective and failed to give constructive or actual notice to Eastwood of any constructive trust that might be imposed for Mitsubishi.

conducted business with Eastwood and since newspapers of general circulation carried news of Smith's arrest and fraud. On these facts, summary judgment for Eastwood against Mitsubishi is inappropriate.

Likewise, the Court concludes that genuine issues of material fact preclude summary judgment in favor of Eastwood against Mitsubishi on Eastwood's argument that Mitsubishi is equitably estopped from asking the Court to impose a constructive trust on the Sun Fibres property. While the Court agrees with Eastwood that, under Alabama law, "[w]henever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it," *H.C. & W.B. Reynolds Co. v. Reynolds,* 190 Ala. 468, 67 So. 293, 296 (1914), the Court still finds that a genuine issue of material fact exists on whether Mitsubishi was in a position to detect and prevent the fraud giving rise to this forfeiture action. Therefore, summary judgment for Eastwood is also inappropriate on this ground.

## VI. CONCLUSION

In summary, the Court DENIES Eastwood's suggestion of lack of jurisdiction [# 65–1], DENIES Eastwood's supplemental motion for summary judgment against the United States [# 65A–1], GRANTS Eastwood's motion for partial summary judgment against the United States [# 46–1], DENIES Eastwood's supplemental motion for summary judgment against the United States [# 63–1], DENIES Eastwood's motion to strike United States' motion to strike or for summary judgment [# 63A–1], DENIES the United States' motion for summary judgment [# 38–2], DENIES Eastwood's motion for summary judgment against Mitsubishi [# 54–1], and GRANTS nunc pro tunc the Government's motion for leave to file supplemental authority [# 76–1]. The parties have twenty days in which to file their consolidated pretrial order. Local Rule 235–4.

IT IS SO ORDERED.