I concur specially to point out our supreme court's holding in Kempaner v. Thompson, 394 So.2d 918 (Ala. 1981). In Kempaner, our supreme court held:
 "At common law a joint tenancy was severed by any act which destroyed any of the four unities of time, title, interest, and possession which were required to exist. Under the holding in Nunn v. Keith, [289 Ala. 518, 268 So.2d 792 (1972)], the four unities are not longer required to be present for a joint tenancy to exist. Nunn held, however, that the joint tenancy estate is destructible as at common law."
394 So.2d at 921; see also Porter v. Porter, 472 So.2d 630
(Ala. 1985). Moreover, in Porter, our supreme court held "[w]hen one or all of the unities of time, title, and interest are destroyed the joint tenancy is severed and a tenancy in common results." 472 So.2d at 633. In BancBoston Mortg. Corp. v.Gobble-Fite Lumber Co., 567 So.2d 1337 (Ala. 1990), our supreme court held that "a mortgage passes legal title to the mortgagee, and the mortgagor is left with the equity of redemption." 567 So.2d at 1338 (quoting Bailey Mortgage Co. v.Gobble-Fite Lumber Co., 565 So.2d 138, 143 (Ala. 1990)). Consequently, our supreme court has, in effect, held that when the daughter executed the mortgage, she severed the joint tenancy, destroyed the survivorship provision, and created a tenancy in common.